RUST ET AL., APPELLANTS, v. CARPENTER ET AL., APPELLEES.

1. EQUITY—RELIEF.

An action may be maintained to declare and establish a lien upon real estate at a time before it is enforceable, when the right to such

lien is disputed or denied, notwithstanding it is the only relief demanded.

2. SAME.

The facts of this case establish the right of the plaintiffs to have a lien declared and protected, although such lien is not now enforceable.

*Appeal from the District Court of Pitkin County.*

THE appellees conveyed to Byron Shear and I. L. Johnson the Boulder, Nebraska and Topsy lode mining claims, situate in Pitkin county, Colorado, on the 8th day of August, 1888, for one dollar and other valuable considerations. On the same date an agreement was entered into by the respective parties wherein, among other things, it was stipulated that an additional $40,000 was to be paid, under certain conditions therein specified, as a consideration for the property. That said Shear and Johnson should procure a consolidation of the claims so conveyed, to be made with the Bushwhacker and Alpine and certain portions of the Iowa and Joplin mining claims; that this sum of $40,000 should become and remain a lien upon the interest acquired by them in such consolidation, until fully paid from the proceeds of such interest after paying the expenses of development. That Shear and Johnson should use reasonable diligence in working and developing the consolidated properties in a manner to pay said indebtedness as soon as possible. The deed was filed for record the 18th day of August, 1888. The agreement was not filed for record until the 23d day of November, 1888. On the 10th day of August, 1888, Shear and Johnson entered into a contract whereby the Boulder, Nebraska and Topsy claims were consolidated with the Bushwhacker and Alpine claims, and it was agreed that deeds should be made by the respective parties so as to place in Shear and Johnson the title to an undivided four tenths of the consolidated property.

Afterwards, and on the 31st day of October, 1888, Shear and Johnson executed a deed conveying all their right, title and interest in and to said consolidated property to William

R. Rust, which it is alleged was placed on record without authority and in violation of an agreement between the parties thereto. That on the 14th day of November, 1888, Rust executed a deed conveying said interest to Henry Paul.

It is alleged in the complaint that at the time Rust and Paul received their respective deeds they had notice of the agreement between appellees and Shear and Johnson, and purchased with full knowledge of appellees' rights thereunder.

This action is brought to have Rust and Paul declared purchasers with notice, and that they be declared to hold the title to the four tenths of the consolidated property, subject to a lien for the sum of $40,000, as provided in the agreement between Shear and Johnson and these appellees; and that defendant Paul be enjoined from conveying the interest, except subject to such lien.

Demurrers were interposed by appellants, setting forth as a ground therefor that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were overruled and appellants answered denying the allegations of the complaint.

Upon the trial of the cause the court found the issues joined in favor of appellees, and rendered a judgment as prayed for in the complaint. From this judgment Rust and Paul prosecute this appeal.

Messrs. PATTERSON & THOMAS, for appellants.

Mr. OSCAR REUTER, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

The court below found, upon the evidence adduced, that Rust and Paul, at the time of their respective purchases of the interest of Shear and Johnson in the consolidation, had notice of and purchased with full knowledge of the agreement under which appellees sold the Boulder, Nebraska and Topsy

claims to Shear and Johnson, and took the title to the interest so conveyed subject to appellees' claim and lien thereon.

We think the evidence fully sustains the findings of the court; and with this view shall consider the questions presented by appellants' assignment of errors. The first in order and importance is the right of appellees to maintain this action. In other words, is the relief sought within the jurisdiction of a court of equity.

The court is asked to declare or establish a lien at a time when it is not enforceable, and no other relief is asked or can be had. It is strenuously insisted by counsel for appellants that the action is premature, and that the facts in evidence do not show that any substantial right of appellees is in danger, and are insufficient to entitle them to the relief sought.

We cannot agree with the proposition that no substantial right of appellees will be lost if appellants, or either of them, purchased the interest without notice of appellees' claim. The fact that the agreement has since been placed on record will not prevent Paul from conveying a title clear of appellees' lien if either he or Rust purchased the interest without notice thereof; and it is therefore of vital importance to appellees that it be shown that they purchased with notice, and to have the facts ascertained and their right to a lien on the property established as against Rust and Paul in this proceeding, although such lien is not now enforceable.

The transaction between appellees and Shear and Johnson was entered into for the purpose of disposing of appellees' claims for the sum of $40,000, such sum to be realized by effecting a consolidation with conflicting claims and the development of the consolidated property. By its terms certain duties of a trust nature were imposed upon Shear and Johnson, and upon the performance of which depended the realization, by appellees, of the consideration to be paid for their property. These duties were, first, to perfect a consolidation; and, second, to develop the property, whereby the purchase price agreed to be paid out of the proceeds might be realized.

It in effect placed the title to the property in Shear and John-
son to enable them to carry out these purposes. The claim
of appellees, therefore, as evidenced by this agreement, is
something more than a mere lien on the interest. It also in-
cludes an equitable right in the property and the proceeds
thereof to the extent of the purchase price agreed to be paid
therefrom. And anyone purchasing the title to the interest
that Shear and Johnson acquired through the consolidation
of appellees' property with other claims, with notice of the
agreement between them and appellees, must take such in-
terest subject to the performance of the terms and burdened
with the lien therein provided; otherwise, if the purchase
was without notice.

Appellants deny notice and claim to hold title to the in-
terest conveyed by Shear and Johnson, freed from appellees'
claim and lien. With such a substantial right, asserted by
one party and denied by the other, must appellees lie by and
wait the happening of conditions upon which the enforcement
of their claim depends, or are they entitled to have their
right declared and established so that it may be made avail-
able when due, notwithstanding the efflux of time and the
death of witnesses?

We think the latter the correct view, and that the facts
in evidence bring this case within equitable cognizance un-
der the head of declarative remedies, as defined by Pomeroy
in his classification of equitable remedies, as follows:

" Declarative remedies are those whose main and direct
object is to declare, confirm, and establish the right, title,
property, or estate of the plaintiff, whether it be equitable or
legal. The remedies of this class are often granted in com-
bination with others, and in fact they sometimes need other
kinds of relief as a preliminary step to make them effective;
but on the other hand they are often granted by themselves un-
connected with anything else." 1 Pomeroy's Eq. Jurisp. 93.

While we find no adjudged case announcing this doctrine
in a case similar in all respects to this, yet in principle we
think our conclusion is sustained by the language of the court

in *Boos v. Ewing et al.*, 17 Ohio, 524.  In that case Boos sold a certain lot for $1,200, $600 cash and $600 to be paid in six years.  Certain judgment creditors levied upon and sold the lot before the six years had elapsed, and the deferred payment became due.  Before the confirmation of the sale Boos filed his bill, setting forth his vendor's lien and asking that sufficient of the proceeds of the sale be set aside to pay his claim, or that the sale be confirmed subject to his lien. Upon objection to the relief being granted because his claim was not due, the court say :

" It is admitted that the purchase money is not due, and that when due, it may be paid without a resort to this land, or the fund which it has produced.  But is that any reason why complainant should lie still and see his securities swept away, by being placed in the hands of one who may vest the title in a purchaser without notice ?  He either has or has not a lien upon the land.  If he has such lien, it is clearly his right to protect it.  No one can compel him to part with it against his will, nor should he be turned out of the court when it is put in jeopardy, and will be lost, or the loss hazarded, irretrievably, without the aid of the court."

So in this case appellees " either have or have not a lien upon the property."  If they have it should be protected, and we are unable to conceive a state of facts that would more strongly invoke the power of a court of equity to declare and sustain a valuable right that may be lost or greatly jeopardized if the aid of the court is refused, than is shown in this record.

If we are correct in the view that the relief prayed is within the power of a court of equity to grant, it is immaterial whether a proceeding to perpetuate testimony was available to appellees or not.  As this remedy is more effective to protect their right to prevent imposition upon subsequent purchasers, the appellants are not in a position to urge the further objection upon which they rely for reversal, viz. : that the consolidation was not perfected.  Whatever title they hold is derived through and in pursuance of the con

solidation, and they are estopped from denying that the consolidation was fully consummated.

It appearing from the evidence that appellants purchased the interest from Shear and Johnson, not only with notice of their agreements with appellees, but also under an express promise to recognize and carry out the same, their contention that the amount paid Shear and Johnson should be applied to the reduction of appellee's claim cannot prevail.

We think the action is maintainable, and that the proof amply sustains the conclusion of the court below. The decree is accordingly affirmed.

*Affirmed.*